**YU | MOHANDESI LLP**

**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
**Pavel Ekmekchyan** (SBN 223222)
213.985.2007 | pavel@yumollp.com
**Elvin I. Tabah** (SBN 286369)
213.384.8288 | etabah@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
NewRez LLC F/K/A New Penn Financial,
LLC dba Shellpoint Mortgage Servicing

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIL GEORGE RABADI, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>SHELLPOINT MORTGAGE SERVICING, LLC; a limited liability; company; and DOES. 1 through 100,<br><br>Defendants. | Case No.: 2:20-cv-9465<br><br>[Removal from the Superior Court of California for the County of Los Angeles, Case No. 20STCV32784]<br><br>**DEFENDANT NEWREZ LLC F/K/A NEW PENN FINANCIAL, LLC DBA SHELLPOINT MORTGAGE SERVICING'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, AND 1446**<br><br>[FEDERAL QUESTION] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant NewRez LLC f/k/a New Penn Financial, LLC dba Shellpoint Mortgage Servicing (erroneously sued as Shellpoint Mortgage Servicing, LLC) (hereinafter, "Defendant") hereby removes the action described below from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to Sections 1331, 1367, 1441, and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.  In support of this Notice of Removal, Defendant states as follows:

## I. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441

On or about August 27, 2020, Plaintiff JAMIL GEORGE RABADI ("Plaintiff") filed a civil complaint against Defendant in the Superior Court for the State of California, County of Los Angeles, styled as *Jamil George Rabadi v. Shellpoint Mortgage Servicing*, Case No. 20STCV32784.  A true and accurate copy of Plaintiff's Complaint is attached hereto as **Exhibit 1**.

Plaintiff's Complaint alleges his prior loan servicer Ditech violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (the "FDCPA") by unlawfully attempting to collect on his mortgage and then initiating foreclosure.  (Compl., ¶¶55-58.).  Plaintiff purportedly seeks to hold Defendant liable for the actions of Ditech, as Defendant is the only named defendant in this action.  United States district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

The general rule is that a case meets the "arising under" standard if it is apparent that federal law creates the plaintiff's cause of action from the face of the

complaint. *See Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 27-28 (1983).

Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims which form part of the "same case or controversy" pursuant to 28 U.S.C. §1367(a). Stated another way, "[p]endent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is 'a common nucleus of operative fact between the state and federal claim.'" *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (*quoting Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991)). Here, in addition to the Federal FDCPA claim, Plaintiff brings state causes of action for: (1) Violation of the Homeowner's Bill of Rights; (2) Violation of the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code., § 1788, et seq.; and (3) Violation of the Unfair Business Practices Act, Cal. Bus. and Prof. Code § 17200. Here, Plaintiff's FDCPA and state law claims arise from Plaintiff's contention that Defendant, purportedly through Plaintiff's prior servicer Ditech, unlawfully attempted to collect on his mortgage loan and initiate foreclosure. Thus, the relevant factors of "economy, convenience, fairness and comity" are better served by this Court recognizing pendent jurisdiction. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading ..." 28 U.S.C. § 1446(b).

This action was commenced in the Superior Court for the State of California, County of Los Angeles, on or about August 27, 2020. Defendant was served on September 15, 2020. A copy of the Notice of Service of Process from Defendant's registered agent is attached hereto as **Exhibit 2**. Removal of this action is timely as

1  this notice is being filed on October 15, 2020, which is within the 30-day deadline.
2  *See* 28 U.S.C. § 1446(b)(1) (notice of removal must be filed within 30 days after the
3  receipt by defendant of the initial pleading); Fed. R. Civ. P. 6(a); Fed. R. Civ. P.
4  6(a)(1)(C).  Additionally, venue properly lies in the Central District of California
5  because the Los Angeles County Superior Court where Plaintiff commenced this
6  action is located within this Court's jurisdiction.  *See* 28 U.S.C. § 84(d).
7        In compliance with 28 U.S.C. § 1446(d), Defendant will serve on Plaintiff and
8  file with the Clerk of the Superior Court a written notice of the filing of this Notice of
9  Removal, attaching a copy of this Notice of Removal.
10       WHEREFORE, Defendant respectfully removes this action from the Superior
11 Court of California for the County of Los Angeles to this Court pursuant to 28 U.S.C.
12 §§ 1331, 1367, 1441 and 1446.

DATED:  October 15, 2020

                                                  YU | MOHANDESI LLP

                                         By  */s/ Elvin I. Tabah*
                                              Pavel Ekmekchyan
                                              Elvin I. Tabah
                                              Attorneys for Defendant NewRez LLC
                                              F/K/A New Penn Financial, LLC dba
                                              Shellpoint Mortgage Servicing

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

# CERTIFICATE OF SERVICE

I certify that on October 15, 2020, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record below by operation of the Court's electronic filing system and parties may access this filing through the Court's system.

DATED: October 15, 2020

By    */s/ Elvin I. Tabah*
       Elvin I. Tabah

— 1 —
CERTIFICATE OF SERVICE