Adam Apollo (SBN: 285829)
**JBV LAW & ASSOCIATES**
1210 N. Jefferson St. Suite F
Anaheim, CA 92807
Tel: (714) 902-2088      Fax: (714) 243-6000
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIL GEORGE RABADI, an individual,<br><br>Plaintiff,<br><br>-vs-<br><br>SHELLPOINT MORTGAGE SERVICING, LLC; a limited liability; company; and DOES. 1 through 100,<br><br>Defendants. | Case No. 2:20-cv-09465-JAK-JPR<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT & JOIN PARTY**<br><br>Date: 1/10/2022<br>Time: 8:30am<br><br>Honorable Judge John A. Kronstadt<br>Dept. 10B |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on January 10, 2022 at 8:30am in Courtroom 10B of the above captioned Court, located at: 350 West 1st Street, Courtroom 10B, Los Angeles, California 90012-4565, Plaintiff Jamil Rabadi will and hereby does Motion for Leave to Amend his Complaint filed in the instant action, and to join as a party to the proposed declaratory relief cause of action, Ditech Financial, LLC .

The Motion will be based upon the fact that:

1) Proposed Defendant Ditech Financial, LLC filed bankruptcy before the onset of this litigation, and Plaintiff Rabadi has contemporaneously engaged bankruptcy counsel in New York to seek an Order for relief from stay in the Southern District of New York where the bankruptcy case is being administered.

2) F.R.C.P § 15(a)(2) gives this Court authority to grant leave to amend "freely" when justice so requires.

3) Defendant Shellpoint Mortgage Servicing LLC has taken the position in a Motion to Dismiss that it cannot be held liable for any erroneous accounting of its predecessor, and thus complete relief can only be afforded to the Plaintiff via a Judicial Order on a Declaratory Relief cause of action, declaring that the Plaintiff was not in default under the terms of his mortgage, as Ditech Financial, LLC reported, in order to remedy the false reportings adversely affecting the Plaintiff's credit.

4) A cause of action for Breach of Contract, and an Accounting are both prerequisite and necessary to support the burden of proof under a Declaratory Relief cause of action.

5) Plaintiff maintains that as Shellpoint Mortgage Servicing, LLC has maintained the erroneous accounting of Ditech Financial, LLC, it is therefor complicit, and thus must be joined as a party under the newly proposed causes of action supra.

6) This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 29, 2021 and again on July 28, 2021.

Dated:  August 24, 2021              **JBV LAW & ASSOCIATES**

                                             /s/ Adam Apollo
                                             Adam Apollo, Esq.
                                             Attorney for Plaintiff

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..................................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES......................................... 1

  I.    INTRODUCTION & PROCEDURAL BACKGROUND……………………….1
  II.   FACTUAL BACKGROUND……………………………….……………….....2
  III.  ARGUMENT……………………………………………………………..….…2

    A. STANDARD ON A MOTION FOR LEAVE TO AMEND....................................2

  IV.   CONCLUSION………………………………………………..……..……..….3

# TABLE OF AUTHORITIES

**Statutes**

Fed. Rules of Civ. Pro. Rule 15(a)(2)……………………………………..………..………2

**Case Law**

*Foman v. Davis* (1962) 371 US 178..................................................................................2

*Desny v. Wilder* (1956) 46 Cal.2d 715..............................................................................2

*Morgan v. Superior Court* (1959) 172 Cal. App. 2D 527......………………………..…….2

# MEMORANDUM OF POINTS AND AUTHORITIES
# INTRODUCTION & PROCEDURAL BACKGROUND I.

The instant action is fairly straightforward, and in summary one primarily for an accounting. Following an erroneously recorded Notice of Default, which was ultimately rescinded presumably when the error was recognized, Plaintiff Rabadi initiated an action against Ditech Financial, LLC ("Ditech") for an accounting in an effort to rid his account of erroneous late charges, and with the hopes of repairing his credit by judicial Order.

# FACTUAL BACKGROUND II.

Plaintiff Jamil Rabadi is a very detail oriented and diligent individual. Plaintiff Jabadi discovered that his prior loan servicer, Ditech, failed to give credit for payments made, erroneously recorded a notice of default (which tarnished Plaintiff Jabadi's credit) and consequently made it impossible for Jabadi to take advantage of the historically low rates. Plaintiff Jabadi initiated suit against Ditech, who then filed Bankruptcy in the Southern District of New York (Case No. 19-10412-JLG). Plaintiff Jabadi's former counsel, rather than seeking relief from stay, filed a request for dismissal without prejudice.

Defendant Shellpoint eventually took over as the servicer, and not only adopted Ditech's erroneous accounting, but neglected to credit payments and overcharged based on purported interest for phantom debts as well.

Plaintiff is further informed that Defendant Shellpoint Mortgage Servicing ("Shellpoint") by and through its parent corporation, NewRez, LLC, is the current lender by virtue of an assignment.

# ARGUMENT III.
## A. STANDARD ON A MOTION FOR LEAVE TO AMEND

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Federal Rules of Civ. Pro. Rule 15(a)(2) governs jurisdiction on a Motion for Leave to Amend. The rule provides that the Court has the authority and "should" freely grant leave to amend a complaint when justice so requires. Case law supports the statute, noting that leave to amend should be freely granted absent a finding of "bad faith" or "futility." While discretion lies with the Trial Court, absent a finding of the aforementioned denial has been found to be an "abuse of that discretion." *Foman v. Davis* (1962) 371 US 178, 183. In the event this case is remanded, and for additional compelling rulings the Plaintiff notes that state court precedent is virtually identical. A motion for leave to amend should be liberally granted at any stage in the proceedings, even on the eve of trial. *Desny v. Wilder* (1956) 46 Cal.2d 715, 751. "It is a rare case in which a court will be justified in refusing a party leave to amend his pleadings so that he may properly present his case. (Citations omitted). If the motion to amend is timely made and he granting of the motion ill not prejudice the opposing party, it is error to refuse permission to amend and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action or a meritorious defense, it is not only error but abuse of discretion." (Citations omitted). *Morgan v. Superior Court* (1959) 172 Cal. App. 2d 527, 530. (Emphasis added.)

Here, while it is not necessary to show good cause for leave to amend, the Plaintiff has fantastic cause for his request for leave to amend. Ditech Financial LLC was the original feasor in this Complaint, and its erroneous accounting, refusal to accept timely and sufficient mortgage payments for want of a larger erroneous demand, and its false reportings and erroneous recording of a Notice of Default based thereon form the gravamen of the Plaintiff's case. While Shellpoint continues the wrongs by adopting the erroneous accounting, and exacerbates the wrongs by charging interest and foreclosure related attorney's fees thereon, Ditech is a necessary party to this suit. Plaintiff Rabadi cannot be afforded complete relief without remedy to the false reportings to credit agencies. This can be accomplished only via a Judicial Order on an action for

Declaratory Relief, via a finding that Ditech's accounting was erroneous, that it inappropriately recorded the Notice of Default, and that Plaintiff Rabadi was not in default under the terms of his mortgage. As a prerequisite to this cause of action, Plaintiff Rabadi will need to prove an action for breach of contract against the lender, and similarly maintain a cause of action for an accounting. Thus, Ditech's inclusion in this suit and inclusion of causes of action for Declaratory Relief, Breach of Contract, and an Accounting are compulsory to afford the Plaintiff complete relief.

Plaintiff Rabadi was of course unable to joint Defendant Ditech in this suit by virtue of the Bankruptcy it filed in the Southern District of New York (Case No. 19-10412-JLG), until such time as it engage counsel in said district to seek relief from stay therein. As Ditech's bankruptcy reorganization is extremely complex, with years worth of Orders and claim bar dates with which to contend, Plaintiff Rabadi had an extremely difficult time finding counsel willing to take on the representation, and an even more difficult time finding counsel with a sensible plan to obtain relief from stay given the aforementioned. Plaintiff Rabadi was able to engage said counsel only within about a week of filing the instant motion, thus Plaintiff Rabadi has been diligent in this endeavor.

### CONCLUSION IV.

Pursuant to Rule 15(a)(2), Courts should freely grant leave to amend pleadings before trial. For the reasons argued supra, Plaintiff Rabadi respectfully requests that this Court grant leave to amend the Complaint via the proposed amended Complaint most recently filed.

Dated: August 24, 2021         **JBV LAW & ASSOCIATES**

              <u>/s/ Adam Apollo</u>
              Adam Apollo, Esq.
              Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2021 I electronically filed the foregoing document using the CM/ECF system, which will send notification of said filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

Dated:  August 24, 2021            **JBV LAW & ASSOCIATES**

<u>/s/ Adam Apollo</u>
Adam Apollo, Esq.
Attorney for Plaintiff